1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8        SOUTHERN DISTRICT OF CALIFORNIA
9

10  MICHAEL RICHARD KEAVNEY,              Case No.:  3:19-cv-01947-AJB-BGS
    Booking #17104761,
11
                          Plaintiffs,    **ORDER DISMISSING CIVIL**
12                                       **ACTION WITHOUT PREJUDICE**
            vs.                          **FOR FAILING TO PAY**
13                                       **FILING FEE REQUIRED**
    COUNTY OF SAN DIEGO, et al.,         **BY 28 U.S.C. § 1914(a) AND/OR**
14                                       **FAILING TO MOVE TO PROCEED**
                          Defendants.    **IN FORMA PAUPERIS**
15                                       **PURSUANT TO 28 U.S.C. § 1915(a)**
16

17

18        Plaintiff Michael Richard Keavney, while incarcerated at the San Diego Central

19  Jail ("SDCJ") and proceeding pro se, has filed a civil right complaint pursuant to 42

20  U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff alleges the County of San Diego and

21  two Tri–City Hospital doctors violated his constitutional rights by ignoring his pleas for

22  medical attention in December 2018. *Id.* at 1–5. He seeks $1 million in compensatory and

23  punitive damages. *Id.* at 7. He has not prepaid the $400 civil filing fee required by 28

24  U.S.C. § 1914(a), however, and has not filed a Motion to Proceed *In Forma Pauperis*

25  ("*IFP*") pursuant to 28 U.S.C. § 1915(a).

26  **I.      Failure to Pay Filing Fee or Request IFP Status**

27        All parties instituting any civil action, suit or proceeding in a district court of the

28  United States, except an application for writ of habeas corpus, must pay a filing fee of

1

$400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that all prisoners who proceed *IFP* to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Because Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, nor filed a properly supported Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a), his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

**II.    Conclusion and Order**

Accordingly, the Court:

(1)    **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed *IFP* pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

(2)    **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed *IFP* which includes a certified copy of his SDCJ trust account statements for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

(3)    **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."[1] If Plaintiff fails to either prepay the $400 civil filing fee or fully complete and submit the enclosed Motion to Proceed *IFP* within 45 days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**.

Dated:  December 5, 2019

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed *IFP*, his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $400 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

3:19-cv-01947-AJB-BGS