UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RICHARD KEAVNEY, Booking #17104761,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; DR. EMAD BISHAY; DR. KASEY CONKLIN,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-01947-AJB-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]; AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A** |

　　　Michael Richard Keavney ("Plaintiff"), while incarcerated at the San Diego Central Jail ("SDCJ") and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff alleges the County of San Diego and two Tri–City Medical Center doctors violated his constitutional rights by ignoring his pleas for medical attention in December 2018. *Id.* at 1–5. He seeks $1 million in compensatory and punitive damages. *Id.* at 7. Plaintiff has not prepaid the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a); instead, while incarcerated at the San Diego County

Sheriff's Department Vista Detention Facility ("VDF")[1], he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). *See* ECF No. 3.

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses

---

[1] Although he filed his Complaint while detained at SDCJ, according to the San Diego County Sheriff's Department's website, Plaintiff is currently in custody at VDF. *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=zRQsIHvWIOkylpP4ARqdZiQYVorV1xdJ7ApeWLojNrs%3d (last accessed May 21, 2020). The Court may take judicial notice of public records available on online inmate locators. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Foley v. Martz*, No. 3:18-cv-02001-CAB-AGS, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator); *Graham v. Los Angeles Cnty.*, No. 2:18-cv-01126-PA (GJS), 2018 WL 6137155, at *2 (C.D. Cal. May 4, 2018) (taking judicial notice pursuant to Federal Rule of Evidence 201 of information regarding the status of inmate via the Los Angeles County Sheriff's Department's website and its inmate locator function).

an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff submitted a certified prison certificate issued by VDF, which attests as to his trust account activity pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account activity shows that Plaintiff carried an average monthly balance of $4.53, had average monthly deposits of $294.34 to his account over the 6-month period immediately preceding the filing of his Motion, and had an available balance of $27.17 on the books at the time of filing. *See* ECF No. 3 at 4. Thus, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 3) and assesses his initial partial filing fee to be $58.89 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Watch Commander of VDF, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

The Watch Commander at VDF is directed to collect the remaining balance of the $350 total fee owed in this case as mandated by 28 U.S.C. § 1914 and forward it to the

Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.     Plaintiff's Allegations

Plaintiff seeks damages against the County of San Diego and two doctors from Tri-City Medical Center for incidents that occurred while he was incarcerated at SDCJ. *See* Compl., ECF No. 1 at 2–3. On or about December 10, 2018, Plaintiff alleges he complained to SDCJ deputies and medical staff about severe pain, stomach cramps, diarrhea, and lack of appetite. *Id.* at 3. Plaintiff claims his pleas for medical attention were ignored for nearly two weeks until a licensed vocational nurse at SDCJ saw that Plaintiff needed help. *Id.* at 3–4. On or about December 22, 2018, Plaintiff claims the licensed vocational nurse referred him to a jail physician who then sent Plaintiff "straight to the E.R. at Tri-City Medical Center." *Id.* at 4. Plaintiff claims Defendants "denied and delayed" him from receiving proper medical care, which eventually caused him to suffer a severe infection. *Id.* at 5.

Plaintiff claims the two doctors who treated him at Tri-City Medical Center, Dr. Kasey Conklin and Dr. Emad Bishay, both misdiagnosed him. *Id.* at 5. Plaintiff also alleges both doctors failed to test him for communicable diseases until he was discharged from Tri-City Medical Center, after which, Plaintiff "was told he was suffering from Shigellosis." *Id.* at 5.

### C.     42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d

1030, 1035-36 (9th Cir. 2015).

### D.   Discussion

To the extent Plaintiff seeks to challenge the adequacy of his medical care while he was in pretrial custody, a claim brought under the Fourteenth Amendment "must be evaluated under an objective deliberate indifference standard."[2] *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing *Castro*, 833 F.3d at 1070); *see also Nishimoto v. Cty. of San Diego*, No. 3:16-CV-01974-BEN-JMA, 2018 WL 4297004, at *3–4 (S.D. Cal. Sept. 10, 2018). "[T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each

---

[2] The Court presumes, for purposes of screening only, that Plaintiff was a pretrial detainee at SDCJ from December 10, 2018 to December 22, 2018, when he alleges to have been denied adequate medical care, and that therefore his claims arise under the Fourteenth Amendment rather than the Eighth. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "Under both clauses, the plaintiff must show that the … officials acted with 'deliberate indifference.'" *Id.* at 1068. Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

particular case.'" *Gordon*, 888 F.3d at 1125 (quoting *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015)).

First, Plaintiff's Fourteenth Amendment claim against the County of San Diego itself is insufficient. A municipal entity may be held liable under § 1983 only if a plaintiff alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010). Here, Plaintiff's Complaint fails to allege that any staff at SDCJ or the contracted doctors at Tri-City Medical Center were acting pursuant to any county policy or custom. Therefore, Plaintiff fails to state a claim upon which relief may be granted pursuant to § 1983 regarding the County of San Diego.

Second, Plaintiff does not name either Tri-City Medical Center doctor as a Defendant with respect to his Fourteenth Amendment claim for inadequate medical care, and even if Plaintiff intended to hold them liable for violating his constitutional rights, he fails to claim that either doctor acted with deliberate indifference to a substantial risk that he would suffer serious harm. *See, e.g.*, *Castro*, 833 F.3d at 1071.

Plaintiff instead asserts two California state law claims against Dr. Bishay and Dr. Conklin for medical malpractice and negligence. *See* Compl., ECF No. 1 at 5. Plaintiff also appears to assert two state law claims against the County of San Diego for reckless

endangerment and negligence. *See* Compl., ECF No. 1 at 4. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). As previously mentioned, the Court has found Plaintiff's Complaint fails to state a plausible claim for relief pursuant to 42 U.S.C. § 1983. Therefore, in the absence of any viable federal claim upon which § 1983 relief may be granted, the Court exercises its discretion and DISMISSES all Plaintiff's supplemental state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Id.*

For all these reasons, the Court DISMISSES Plaintiff's Complaint in its entirety for failing to state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

/ / /

### III.   Conclusion and Order

Based on the foregoing, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2.   **ORDERS** the Watch Commander of VDF, or his designee, to collect from

Plaintiff's trust account the $58.89 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court is directed to serve a copy of this Order on the Watch Commander, San Diego County Sheriff's Department, Vista Detention Facility, 325 S. Melrose Drive, Vista, California 92081.

4. **DISMISSES** Plaintiff's Complaint against the County of Diego, Dr. Emad Bishay, and Dr. Kasey Conklin for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the

complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 26, 2020

Hon. Anthony J. Battaglia
United States District Judge