UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RICHARD KEAVNEY, Booking #17104761,<br><br>                        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; DR. EMAD BISHAY; DR. KASEY CONKLIN; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT MEDICAL STAFF,<br><br>                        Defendants. | Case No.: 3:19-cv-01947-AJB-BGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR EXTENSION OF TIME AS MOOT [ECF No. 5];**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 11]; AND**<br><br>**(3) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

    On October 7, 2019, Michael Richard Keavney ("Plaintiff"), while incarcerated at the San Diego County Central Jail ("SDCCJ"),[1] filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that the County of San Diego and two Tri–City Medical Center

---

[1] Plaintiff is currently incarcerated at the San Diego County Sheriff's Department Vista Detention Facility ("VDF"). *See* ECF No. 4.

doctors violated his constitutional rights by ignoring his pleas for medical attention in December 2018. *See generally* ECF No. 1.

## I. Procedural History

On May 27, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), conducted an initial screening of his original complaint, and dismissed the original complaint *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 4. In its Order, the Court reviewed Plaintiff's allegations on Fourteenth Amendment grounds, provided him notice of his pleading deficiencies, and granted him 45 days leave in which to fix them. *Id.*

On July 2, 2020, Plaintiff filed a motion requesting an extension of time to file his amended complaint. *See* ECF No. 5. However, because Plaintiff filed his First Amended Complaint ("FAC") on July 8, 2020, his request for an extension of time is now moot. *See* ECF No. 6.

The Court also cautioned Plaintiff in its May 27, 2020 Order that any "Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." *Id.* at 9 citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). In his FAC, Plaintiff no longer names the County of San Diego as a Defendant. Accordingly, the County of San Diego is dismissed from this action.

On July 13, 2020, Plaintiff filed a duplicate copy of his FAC, along with a Motion for Appointment of Counsel. *See* ECF Nos. 10, 11.

## II. Motion for Appointment of Counsel

Plaintiff requests that the Court appoint him counsel in this matter. *See* ECF No. 11. However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

As currently pleaded, Plaintiff's FAC demonstrates neither the likelihood of success nor the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer,* 560 F.3d at 970. First, while Plaintiff may not be formally trained in law, his allegations, as liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), show he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims which are not legally "complex." *Agyeman*, 390 F.3d at 1103. Second, for the reasons discussed more fully below, Plaintiff's FAC requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and it is simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim against any of the Defendants. *Id.*

Therefore, the Court finds no "exceptional circumstances" currently exist and **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 11) without prejudice on that basis. *See, e.g.*, *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, and did not show likelihood of succeed on the merits).

**III.   Screening of FAC Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

    **A.   Standard of Review**

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a

prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     Allegations in FAC**

Plaintiff seeks damages against the San Diego County Sheriff's Department and unnamed SDCCJ medical and kitchen staff for incidents that occurred while he was incarcerated at SDCCJ. *See* FAC, ECF No. 6 at 2. On or about December 11, 2018, Plaintiff alleges he complained to SDCCJ deputies and medical staff about severe pain, stomach

cramps, diarrhea, and lack of appetite. *Id.* at 3. Plaintiff blames his medical issues on a meal he received at SDCCJ and claims that he "was the only inmate to receive a tainted meal from the" kitchen staff. *Id.*

Plaintiff alleges his pleas for medical attention were ignored for nearly two weeks until a licensed vocational nurse at SDCCJ saw that Plaintiff needed help. *Id.* On or about December 22, 2018, Plaintiff claims the licensed vocational nurse referred him to a jail physician who then sent Plaintiff to Tri-City Medical Center. *Id.* Plaintiff alleges Defendants "denied and delayed" him from receiving proper medical care, which "resulted in about ten days of constant unnecessary pain" and eventually caused him to suffer a severe infection. *Id.* Additionally, Plaintiff claims that his "pleas for help being ignored created permanent intestinal scarring [that is] dramatically affecting his quality of life." *Id.*

Plaintiff also renames two doctors who treated him at Tri-City Medical Center, Dr. Kasey Conklin and Dr. Emad Bishay, as Defendants. *Id.* at 2. He claims both doctors misdiagnosed him. *Id.* at 5. Plaintiff also alleges both doctors failed to test him for communicable diseases until he was discharged from Tri-City Medical Center, after which, Plaintiff was "diagnosed with Shigellosis." *Id.*

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

/ / /

/ / /

### D. Discussion

To the extent Plaintiff's FAC seeks to challenge the adequacy of his medical care while he was in pretrial custody, a claim brought under the Fourteenth Amendment "must be evaluated under an objective deliberate indifference standard."[2] *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing *Castro*, 833 F.3d at 1070); *see also Nishimoto v. Cty. of San Diego*, No. 3:16-CV-01974-BEN-JMA, 2018 WL 4297004, at *3–4 (S.D. Cal. Sept. 10, 2018).

The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'"

*Gordon*, 888 F.3d at 1125 (quoting *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015)).

/ / /

/ / /

---

[2] The Court again presumes, for purposes of screening only, that Plaintiff was a pretrial detainee at SDCCJ from December 11, 2018 to December 22, 2018, when he alleges to have been denied adequate medical care, and that therefore his claims arise under the Fourteenth Amendment rather than the Eighth. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "Under both clauses, the plaintiff must show that the … officials acted with 'deliberate indifference.'" *Id.* at 1068.

### 1.     Doe Pleading & Individual Liability

The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties but Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). Courts especially disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant.").

"A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019). A plaintiff may also seek discovery to obtain the names of the Does and later amend his pleading in order to substitute the true names of those defendants, unless it is clear that discovery will not uncover their identities, *or that his complaint is subject to dismissal on other grounds. See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (emphasis added) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, Plaintiff's FAC only makes vague claims against unnamed "medical staff" and "kitchen staff" at SDCCJ. While he alleges that the SDCCJ's medical staff "denied and delayed" him medical treatment and that the kitchen staff had "the responsibility to provide safe meals to every inmate for evert meal," *see* FAC at 3-4, Plaintiff's FAC requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) because he makes no specific allegations against any individual SDCCJ medical or kitchen staff member in relation to the due process violations which seemingly form the basis of his suit. Simply

put, Plaintiff fails to link any particular constitutional violation to any specific, individual state actor, and he fails to even minimally explain how any of the unidentified parties he seeks to sue personally caused a violation of his constitutional rights. *See* FAC at 2-4; *Iqbal*, 556 U.S. at 677. "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). As it stands, Plaintiff's FAC fails to plead [the] factual content that [would] allow[] the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Pursuant to § 1983, Plaintiff must, at minimum, allege some factual content to describe how each individual person he seeks to sue violated the Constitution. *Id.* at 676-77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). He may not attribute liability to a group of unidentified defendants as he has, but must "set forth specific facts" as to each individual defendant's wrong. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### 2. Claims Against the San Diego County Sheriff's Department

Plaintiff's Fourteenth Amendment claims against the San Diego County Sheriff's Department ("SDSD") itself are also insufficient. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement agency, like the SDSD, is not a proper party. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

/ / /

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The SDSD is a law enforcement agency or department of the County of San Diego, but it is not a "person" subject to suit under § 1983. *See, e.g.*, *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983).

### 3. Claims Against Drs. Bishay and Conklin

Finally, Plaintiff's Fourteenth Amendment claims against both Tri-City Medical Center doctors fail because Plaintiff does not allege that either doctor acted with deliberate indifference to a substantial risk that he would suffer serious harm. *See, e.g.*, *Gordon*, 888 F.3d at 1125.

Instead, like in his original Complaint, Plaintiff only alleges facts to support his supplemental state law claims against Drs. Bishay and Conklin for reckless endangerment, medical malpractice, and negligence. *See* FAC at 5. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "once judicial power exists

under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). As previously mentioned, the Court has found Plaintiff's FAC fails to state a plausible claim for relief pursuant to 42 U.S.C. § 1983. Therefore, in the absence of any viable federal claim upon which § 1983 relief may be granted, the Court exercises its discretion once again and **DISMISSES** all Plaintiff's supplemental state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Id.*

Because Plaintiff's FAC, like his original Complaint, fails to satisfy *all* these pleading requirements, it too must be **DISMISSED** sua sponte because it fails to state any claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

### E. Leave to Amend

Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail. *See* ECF No. 4. As to the County of San Diego, the San Diego County Sheriff's Department, Dr. Emad Bishay, and Dr. Casey Konklin, the Court denies further leave to amend as futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

However, as to his purported Fourteenth Amendment claims against currently unnamed medical and kitchen staff at SDCCJ, the Court will grant Plaintiff one final opportunity to amend his pleading to attempt to sufficiently allege a § 1983 claim *against*

*those defendants he is able to identify by name*, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

**IV.   Conclusion and Order**

For the reasons explained, the Court:

1. **DENIES** Plaintiff's Motion for Extension of Time as moot [ECF No. 5];

2. **DENIES** Plaintiff's Motion for Appointment of Counsel [ECF No. 11];

3. **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file his Second Amended Complaint which cures the deficiencies of pleading noted and *names only the individual SDCCJ medical and kitchen staff members he claims caused him harm.*

Plaintiff's Second Amended Complaint must be complete by itself without reference to his FAC or original complaint. Any Defendant not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file his Second Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

4. **DIRECTS** the Clerk of the Court to terminate the COUNTY OF SAN DIEGO, DR. EMAD BISHAY, and DR. KASEY CONKLIN as a parties to this action.

5. **DIRECTS** the Clerk of the Court to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: July 20, 2020

Hon. Anthony J. Battaglia
United States District Judge