UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RICHARD KEAVNEY, Booking No. 17104761,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:19-cv-01947-AJB-BGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

On October 7, 2019, Michael Richard Keavney ("Plaintiff"), while incarcerated at the San Diego County Central Jail ("SDCCJ"),[1] filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the County of San Diego and two Tri-City Medical Center doctors violated his constitutional rights by failing to properly attend to his medical needs in December 2018. *See generally* ECF No. 1.

I. **Procedural History**

On May 27, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), conducted an initial screening of his Complaint, and dismissed it *sua sponte* for

---

[1] Plaintiff had been transferred to the San Diego County Sheriff's Department Vista Detention Facility ("VDF") by the time he filed his First and Second Amended Complaints. *See* ECF No. 6 at 1; ECF No. 15 at 1.

failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 4. In its Order, the Court liberally construed Plaintiff's allegations, provided him notice of his pleading deficiencies, and granted him 45 days leave in which to fix them. *Id.* The Court also cautioned that any Defendants not named and any claim not re-alleged in his Amended Complaint would be considered waived. *Id.* at 9 (citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

On July 8, 2020, Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 6), omitting the County as a Defendant, but re-alleging his claims against the two Tri-City Hospital doctors for having misdiagnosed him, and expanding his allegations to include the San Diego Sheriff's Department and several unnamed members of the SDCCJ kitchen and medical staff. *Id.* at 2. Plaintiff claimed these new parties and were liable for having served him a "tainted" meal and for failing to timely address the stomach cramps, diarrhea, and loss of appetite he reported afterward. *See* ECF No. 6 at 2.

On July 21, 2020, the Court screened Plaintiff's FAC, dismissed without further leave to amend all claims alleged the County of San Diego, its Sheriff's Department, and both Tri-City Hospital doctors based on Plaintiff's continued failure to state a plausible claim for relief against any of them. *See* ECF No. 12 at 8-12. As to his purported claims against unidentified SDCCJ kitchen and medical staff, however, the Court granted Plaintiff "one final opportunity to amend his pleading," but warned that he must identify those Sheriff Department employees *by name* and allege facts sufficient to plausibly show how each of them personally caused a violation of his constitutional rights with respect to his illness or his medical treatment. *Id.* at 7-8, 10-11. Plaintiff has since filed a Second Amended Complaint ("SAC") against four SDCCJ nurses identified only as Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1. *See* ECF No. 15 at 1-2.

///

**II.     Screening of SAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.     <u>Standard of Review</u>

As Plaintiff knows, because he is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

 "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned,

the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's SAC

Plaintiff's SAC alleges very few specific facts, but he continues to allege broadly that he was "denied medical care" and "forced to live in constant and extre[me] pain and dehydration for ten days by Jane Doe 1, Jane Doe 2, Jane Doe 3 and John Doe 1." *See* SAC at 3. Plaintiff does not otherwise explain the nature or provide any further detail as to the nature or cause of his ailments, but he claims to have been hospitalized, and contends his "symptoms were obvious." *Id.* at 4.[2] Plaintiff contends "Defendants completely disregarded [his] pleas for medical care," and that he suffered "irreparable harm" as a result. *Id.* at 3-4. Plaintiff claims Defendants are all employed as nurses at the SDCCJ, and "it is the duty of every nurse employed by the SDCCJ to provide medical care for all inmates." *Id.* at 2.

### C. Discussion

As pleaded, Plaintiff's SAC still fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2))(b)(ii); § 1915A(b)(1). As he was advised in both the Court's May 27, 2020 and July 21, 2020 Orders, a pretrial detainee's challenge to the constitutional adequacy of his medical treatment arises under the Fourteenth Amendment and "must be evaluated under an objective deliberate indifference standard." *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

///

---

[2] The Court notes that in both his original and First Amended Complaints, Plaintiff claimed to have been diagnosed with shigellosis *after* he was released from Tri City Medical Center, but both those pleadings have been superseded by his Second Amended Complaint. *See, e.g.,* Compl., ECF No. 1 at 5; FAC, ECF No. 6 at 5; *see also* https://www.mayoclinic.org/diseases-conditions/shigella/symptoms-causes/syc-20377529 (last visited Jan. 8, 2021) ("Shigella infection (shigellosis) is an intestinal infection caused by a family of bacteria known as shigella. The main sign of shigella infection is diarrhea, which often is bloody.").

To meet this standard, Plaintiff must allege sufficient facts to plausibly show each Defendant he seeks to sue:

> (i) …. made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[] on the facts and circumstances of each particular case."

*Gordon*, 888 F.3d at 1125 (quoting *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015)). Plaintiff's SAC contains no such facts. He provides no detail whatsoever to explain the nature or extent of the conditions which put at risk of suffering serious harm, he fails to explain what role any of the unidentified nurses played in either exposing him to any objectively high degree of risk, and includes no "factual content that [would] allow[] the court to draw the reasonable inference that [any] defendant" acted with "deliberate indifference" to his needs.[3] *Iqbal*, 556 U.S. at 678; *Gordon*, 888 F.3d at 1124-25.

Instead, Plaintiff merely concludes that the Defendant nurses committed "unquestionable acts of deliberate indifference," and exercised "bad judgment." *See* SAC

---

[3] In fact, in his FAC, Plaintiff alleged an unidentified licensed vocational nurse at the SDCCJ *did* respond to his complaints and ultimately referred him to a SDCCJ physician who sent him "straight to the E.R. at Tri City Medical Center" where Drs. Conklin and Bishay (previously dismissed) misdiagnosed him. *See* FAC at 3-4. His SAC now omits these allegations and instead appears to focus on several other unidentified nurses who allegedly "disregarded his pleas" for 10 days before he was admitted to Tri-City. *See* SAC at 3-4. However, even if Plaintiff identified these nurses and included facts sufficient to explain what each of them did or failed to do with respect to his care, he would also need to allege facts showing that any delay attributable to them caused him harm. *See Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985) (holding that a "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"). He has not.

at 4. But these types of "conclusory statements are not enough. *See Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. As the Court has previously noted, Plaintiff must "allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). In fact, the Court's July 21, 2020 Order specifically advised that while Plaintiff "may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on," he must also "allege specific facts showing how each particular doe defendant violated his rights." *See* ECF No. 12 at 7 (citing *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019)). His FAC fails to comply with these basic pleading principles.

Thus, the Court finds Plaintiff's vague and conclusory allegations that a group of unidentified nurses denied his "right to medical care," *see* SAC at 3, are insufficient to state a plausible claim upon which § 1983 relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotations omitted).

### III. Leave to Amend

Plaintiff has already had three chances to his plead a viable § 1983 claim, but he has nevertheless failed sufficiently allege facts to support any plausible claim for relief against any Defendant. Therefore, the Court sees no reason to grant leave to amend yet again. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he

district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## IV. Conclusion and Orders

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  January 11, 2021

Hon. Anthony J. Battaglia
United States District Judge